THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROSALYNE GILLESPIE, Defendant-Appellant.

Third District   No. 3—88—0191

Opinion filed March 22, 1989.—Rehearing denied May 19, 1989.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (John X. Breslin and Vicki Seidl, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Rosalyne Gillespie appeals from her conviction for the offense of bribery for which she was sentenced to 36 months' probation and 750 hours of public service work.

The evidence at her jury trial showed that defendant was a member of the board of Joliet Junior College and was active in many community affairs. She was a longtime friend of Booker Matthews, the chief of security at the Illinois Youth Center in Joliet, Illinois.

According to Matthews, defendant asked Matthews to reassign one of his employees, Sam Jones, to a less stressful position at the Illinois Youth Center, and she offered to pay him for the favor. Matthews declined but then reported the offer to his supervisor. The police were notified and obtained authorization to record conversations with defendant. Matthews called defendant to see if she was still interested in helping Sam Jones, and the two arranged to meet. During their recorded conversation, defendant agreed to pay Matthews

$1,000 in return for the reassignment of Jones to some position that would be less stressful for him.

Matthews and defendant met again, and defendant gave Matthews $400, promising to get the rest of the money after Jones received a new job. Matthews did reassign Jones to a job as a driver. Later, at Matthews' request, he and defendant met with Jones to discuss the job assignment, but no more money was ever paid to Matthews.

Each of the conversations except the first one between defendant and Matthews was tape-recorded. The audio tape was played for the jury, and a transcript of these conversations is in the record on appeal.

Defendant testified in her own behalf. She admitted that she had several conversations with Matthews during which she talked to him about Sam Jones' problems with the stress of his work, and she also admitted that she gave Matthews $400. According to defendant, she was trying to stage a musical program at the Youth Center, and she discussed this program with Matthews. She said she gave him the money to defray the cost of having the program at the Youth Center. She said that during their conversations, she would discuss the program while Matthews kept talking about Jones.

Defendant requested a jury instruction on the defense of entrapment, but the trial court refused to give the instruction on the ground that defendant had not admitted the commission of the offense, and therefore entrapment would be an inconsistent defense. A verdict of guilty was returned by the jury.

The sole question on appeal is whether defendant was entitled to an instruction concerning the affirmative defense of entrapment. We conclude that she was so entitled.

■ It was long the rule in Illinois that a defense of entrapment was not available to a defendant who did not admit committing the crime charged. (*People v. Fleming* (1971), 50 Ill. 2d 141, 277 N.E.2d 872.) However, that rule was abrogated by the United States Supreme Court in *Mathews v. United States* (1988), 485 U.S. 58, 99 L. Ed. 2d 54, 108 S. Ct. 883, where the Court said:

> "We hold that even if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." (485 U.S. at 62, 99 L. Ed. 2d at 60, 108 S. Ct. at 886.)

We followed the holding in *Mathews* in *People v. Washington* (1988), 175 Ill. App. 3d 258.

The State argues that our ruling in *Washington* was ill-advised since *Mathews* involved the Federal Rules of Criminal Procedure and Illinois cases do not. However, our reading of *Mathews* discloses that the Federal Rules of Criminal Procedure contain no provision concerning inconsistent defenses and were not involved in that case. In the absence of any provision by Congress, the United States Supreme Court recognized the appropriateness of a judicial decision on this issue.

The State further contends that the appellate court lacks authority to overrule the Illinois Supreme Court on this matter. That is not what was done. The United States Supreme Court has pronounced a change in the law of the land, and this court in *People v. Washington* followed that ruling. We now follow *People v. Washington*.

Additionally, the State attempts to distinguish the instant case from *Washington* on the ground that, in *Washington*, the defendant did not testify and thus neither admitted nor denied the commission of the crime charged, while here defendant has explicitly denied paying money to Matthews to obtain a change in job assignment for her friend. We decline to make such an artificial distinction between the facts in *Washington* and the facts here. In the case before us, defendant admitted giving Matthews money and admitted asking him to give her friend Jones a better job, but she denied that the money was payment for favors granted. Much the same situation was present in *Mathews v. United States*, where the defendant admitted accepting a loan but denied that it was related to his duties in a government agency.

■ Defendant should be able to argue to the jury that she did not pay money to obtain a benefit for Jones, but if the jury should find that she did, then they could also find that she was induced to do so by Matthews. Defendant is entitled to instruct the jury as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in her favor, and inconsistent defenses have been permitted in other types of criminal cases. (See discussion in *People v. Pagliuca* (1983), 119 Ill. App. 3d 906, 915-16, 458 N.E.2d 908.) We believe such a defense should be available here.

We also must consider whether the evidence of entrapment was sufficient to justify the giving of the instruction. The factual question for the jury is whether the criminal intent originates in the mind of the entrapping officer or in the mind of the accused. (*People v. Pagliuca* (1983), 119 Ill. App. 3d 906, 458 N.E.2d 908.) According to the testimony of defendant, the notion of paying money to Matthews in order to obtain a better job for Jones originated with Matthews and

was pursued by Matthews, not by her. Matthews, of course, stated to the contrary that defendant proposed the bribe. The credibility of these two witnesses and the extent to which the tape recordings substantiated their testimony are both matters for the jury.

We hold that the trial court erred in refusing to instruct the jury on the affirmative defense of entrapment. The judgment of conviction is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

WOMBACHER, P.J., and STOUDER, J., concur.